1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

SARA M. BARKER, individually and on
behalf of all others similarly situated,

                    Plaintiff,

     v.

THRIVE CAUSEMETICS, INC., a Delaware
corporation; and KARISSA BODNAR, an
individual,

                  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:18-cv-01470

**NOTICE OF REMOVAL**

16

17

TO:    The Honorable Judges of the United States District Court for the Western District of Washington at Seattle

18

19

20

21

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Thrive Causemetics, Inc. and Karissa Bodnar ("Defendants") remove to this Court the above-styled class action, pending as Case No. 18-2-21685-1 SEA in the Superior Court for King County (the "Action"). As grounds for removal, Defendants state as follows:

22

**BACKGROUND**

23

24

25

1.      On August 30, 2018, Plaintiff Sara M. Barker ("Plaintiff") filed a Class Action Complaint for Damages and Injunctive Relief (the "Complaint") against the Defendants in King County Superior Court. A true and correct copy of the Complaint is attached hereto.

26

27

2.      In general, Plaintiff alleges that Defendants promote their cosmetics products by stating that they will donate a cosmetic product to a woman in need for each product purchased.

NOTICE OF REMOVAL - 1
CASE NO. 2:18-CV-01470

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

131811.0002/7442600.1

*See* Complaint at ¶¶ 5.5-5.6.  Plaintiff alleges that Defendants do not make the donations that they claimed they would make.[1]  *Id.* at ¶ 5.8. Plaintiff seeks to hold Defendant Karissa Bodnar ("Ms. Bodnar") directly liable for the alleged misconduct of Defendant Thrive Causemetics, Inc. ("Thrive").  *See generally* Complaint.

3.    Plaintiff alleges causes of action for violation of the Washington Consumer Protection Act (the "CPA"), RCW 19.86 *et seq.*, relating to the Defendants' allegedly unfair practices and allegedly deceptive acts.  Complaint at ¶¶ 6.1-7.5.  Plaintiff seeks compensatory, exemplary and treble damages, as well as an injunction, attorneys' fees, costs, expenses and interest as allowed by law.  *Id.* at Prayer for Relief.

4.    Upon information and belief, Plaintiff is a resident and citizen of the state of Washington.  *Id.* at ¶ 3.1.

5.    Thrive is a corporation incorporated in the state of Delaware with its principle place of business in the state of California.  *See* Declaration of Ned Menninger ("Menninger Decl.") at ¶ 2, Exs. A and B.  Thrive does not have an office or any place of business in the state of Washington.  *Id.* at ¶ 2.

6.    Ms. Bodnar is the Chief Executive Officer and owner of Thrive, and she is a resident and citizen of the state of California.  Declaration of Karissa Bodnar ("Bodnar Decl.") at ¶ 2.

## PROCEDURAL REQUIREMENTS

7.    Defendants' counsel received the Complaint and summonses for each of the Defendants on Friday, September 7, 2018, via email.  Declaration of Erin M. Wilson ("Wilson Decl.") at ¶ 2, Ex. A. Defendants' counsel accepted service of process for the Defendants on Monday, September 10, 2018.  *Id.* at ¶ 3.  This Notice of Removal is timely in that it is being filed within thirty (30) days of Defendants' receipt of service of process of the summonses and the Complaint on September 7, 2018.  *See* 28 U.S.C. § 1446(b).

8.    Defendants have not filed any pleadings in the Action, other than a Notice of

---

[1] Defendants adamantly deny Plaintiff's allegations in their entirety.

NOTICE OF REMOVAL - 2
CASE NO. 2:18-CV-01470

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

131811.0002/7442600.1

1    Appearance.

2        9.    Plaintiff's alleged claims have arisen in Snohomish County, Washington.

3    Menninger Decl. at ¶ 5.  Accordingly, venue is proper in the Western District of Washington at

4    Seattle.  *See* Local Civil Rule 3(e).

5                    **CAFA DIVERSITY JURISDICTION**

6        10.    Congress passed the Class Action Fairness Act ("CAFA") "primarily to curb

7    perceived abuses of the class action device."  *United Steel, Paper & Forestry, Rubber, Mfg.,*

8    *Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d

9    1087, 1090 (9th Cir. 2010).  "To achieve its purposes, CAFA provides expanded original diversity

10   jurisdiction…." *Id.* at 1090-91.  Under CAFA, there is no presumption against removal.  *Dart*

11   *Cherokee Basin Operating Co., LLC v. Owens*, --- U.S. ----, 135 S.Ct. 547, 554, 190 L.Ed.2d 495

12   (2014).

13       11.    Pursuant to CAFA, district courts "shall have original jurisdiction of any civil

14   action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of

15   interests and costs, and is a class action in which … any member of a class of plaintiffs is a citizen

16   of a State different from any defendant … ."  28 U.S.C. § 1332(d)(2)(A).  For purposes of

17   determining whether the amount in controversy requirement is met, "claims of the individual

18   class members shall be aggregated to determine whether the matter in controversy exceeds the

19   sum or value of $5,000,000, exclusive of interests and costs."  28 U.S.C. § 1332(d)(6).

20       12.    Although Defendants deny that Plaintiff will ever be able to satisfy the standards

21   for class certification, the Action satisfies CAFA's jurisdictional requirements.  To begin, the

22   Action satisfies the minimum diversity required by CAFA.  This is a class action in which at least

23   one member of the class is a citizen of a state different from at least one of the Defendants, the

24   number of putative class members exceeds 100, and the amount in controversy exceeds

25   $5,000,000.  28 U.S.C. § 1332(d)(2), (d)(5)(B); *Fritsch v. Swift Transportation Co. of Arizona,*

26   *LLC*, 899 F.3d 785, 788 (9th Cir. 2018).

27       13.    The Action satisfies CAFA's class action requirement.  A lawsuit is a class action

NOTICE OF REMOVAL - 3
CASE NO. 2:18-CV-01470

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

131811.0002/7442600.1

if it is filed "under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  The instant Action is brought under Rule 23 of the Washington State Rules of Civil Procedure, which is a direct analogue to Rule 23 of the Federal Rules of Civil Procedure.  Complaint at ¶¶ 4.1-4.7.  Plaintiff also seeks to act in a representative capacity on behalf of a class. *Id.* at Prayer for Relief (B) (seeking to "Appoint Plaintiff as representative of the Class.").

14.    Additionally, minimal diversity is satisfied.  CAFA's diversity requirement is satisfied so long as any member of a putative class is a citizen of a state different from any defendant.  Here, Plaintiff alleges that she is a citizen of Washington.  *Id.* ¶ 3.1.  By contrast, Thrive is a citizen of California and Delaware and Ms. Bodnar is a citizen of California.  Accordingly, at least one member of the proposed class is a citizen of a state different than Defendant Thrive and Defendant Ms. Bodnar.

15.    The proposed class exceeds 100 members.  The Complaint includes a definition of the putative class as follows:

> All citizens of the State of Washington who, between August 30, 2014 and the date of final disposition of this action (the "Class Period"), purchased one or more products from Thrive Causemetics, Inc.

Complaint at ¶ 4.1.  Plaintiff alleges hundreds of Washington citizens have purchased products from Thrive during the Class Period.  *Id.* at ¶ 4.2; *see also* Menninger Decl. at ¶ 3 (confirming that greater than 100 individuals with Washington shipping and billing addresses purchased a Thrive product since the beginning of the alleged class period on August 30, 2014).

16.    The amount in controversy is satisfied.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability" or a concession of liability.  *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  Without conceding that Defendants are liable to Plaintiff or any putative class member for any amount whatsoever, in light of the allegations in the Complaint, CAFA's amount in controversy requirement is satisfied because the aggregate claims of the putative class members

NOTICE OF REMOVAL - 4
CASE NO. 2:18-CV-01470

131811.0002/7442600.1

1  exceed $5,000,000.  28 U.S.C. § 1332(d)(6).  Although Plaintiff's Complaint does not allege a

2  total aggregate sum or value for all claims asserted by Plaintiff on behalf of herself and all

3  putative class members, Defendants' belief that the matter in controversy exceeds the sum or

4  value of $5,000,000 is based on the following:

5          a.      Between August 30, 2014 (the date that begins Plaintiff's alleged Class

6  Period), and September 24, 2018, Thrive sold $2,751,383.86 in products to residents with

7  shipping addresses in Washington and $2,761,909.63 in products to residents with billing

8  addresses in Washington.  These figures do not include the amount of any sale that was later

9  returned by the customer.  Menninger Decl. at ¶ 4.

10         b.      Plaintiff alleges that she purchased Thrive products through Thrive's

11  website in 2017. Complaint at ¶ 3.1.  She purchased $49.64 worth of Thrive products.  Menninger

12  Decl. at ¶ 5.  Plaintiff contends that she would not have purchased Thrive products had she known

13  that Thrive allegedly did not make the donations it claimed to have made.[2]  Complaint at ¶ 5.8.

14         c.      Plaintiff also contends that Defendants' alleged violations of the CPA

15  caused Plaintiff and all other similarly situated members of the putative class damages that should

16  be trebled, along with costs of suit and attorneys' fees. Complaint at Prayer for Relief. The CPA

17  permits a treble damages award of up to $25,000 to Plaintiff, as well as all represented class

18  members, who suffer actual damages.  *See Smith v. Behr Process Corp.*, 113 Wn. App. 306, 345-

19  46, 54 P.3d 665 (2002); RCW 19.86.090.

20         d.      While Defendants vehemently deny that they violated the CPA, and they

21  specifically deny the claims made by Plaintiff will satisfy the requirements of Rule 23 or that the

22  Plaintiff or any putative class member is entitled to recover monetary or statutory damages in

23  any amount, based on Plaintiff's allegation that she would not have purchased the Thrive products

24  she purchased and that she and the class members are entitled to compensatory and treble

25  damages, Defendants have a good faith basis to believe that the amount in controversy exceeds

26

27  [2] The evidence in this case will show that Plaintiff's allegations are completely false and that
Defendants donated as much product as they sold to women in need.

NOTICE OF REMOVAL - 5
CASE NO. 2:18-CV-01470

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

131811.0002/7442600.1

CAFA's $5,000,000 requirement. *See* Menninger Decl. at ¶ 4; *Fritsch*, 899 F.3d at 793; *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy is met."). When the amount that Thrive sold to individuals with either shipping or billing addresses in Washington is trebled, the amount in controversy exceeds the minimum amount in controversy of $5,000,000 required by CAFA. ($2,751,383.86 in sales to Washington shipping addresses x 3 = **$8,254,151.58**; $2,761,909.63 in sales to Washington billing addresses x 3 = **$8,285,728.89**). Additionally, the Court may consider Plaintiff's attorneys' fees, including anticipated future attorneys' fees, in the amount in controversy. *Fritsch*, 899 F.3d at 793-94 (the amount in controversy includes "attorneys' fees awarded under fee-shifting statutes or contract", including future attorneys' fees.).

## NO CAFA EXCEPTIONS APPLY

Although Defendants deny that it is their burden to show that CAFA's exceptions to jurisdiction apply, none do.

The "home-state" exceptions set forth in 28 U.S.C. § 1332(d)(4)(A) & (B) do not apply. Section 1332(d)(4)(A) applies where two-thirds of the members of the proposed class share citizenship with at least one defendant (a) "from whom significant relief is sought," (b) "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class," and (c) "*who is a citizen of the State in which the action was originally filed*." (emphasis added). Here, neither of the Defendants are citizens of Washington, and therefore CAFA's exception set forth in Section 1332(d)(4)(A) does not apply. Menninger Decl. at ¶ 2 and Exs. A and B; Bodnar Decl. at ¶ 2.

Section 1332(d)(4)(B) applies where two-thirds of the members of the proposed class and all of the "primary defendants" are citizens of the forum state. 28 U.S.C. § 1332(d)(4)(B). Again, neither of the Defendants in this case are citizens of Washington, and therefore Section

NOTICE OF REMOVAL - 6
CASE NO. 2:18-CV-01470

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

131811.0002/7442600.1

1   1332(d)(4)(B) likewise does not apply. Menninger Decl. at ¶ 2 and Exs. A and B; Bodnar Decl.

2   at ¶ 2.

3        Therefore, Defendants give notice that the Action has been removed from King County

4   Superior Court to this Court.

5        DATED:  October 5, 2018

6                                              LANE POWELL PC

7

8                                  By   s/ John S. Devlin
                                        John S. Devlin III, WSBA No. 23988
9
10                                 By   s/ Erin M. Wilson
                                        Erin M. Wilson, WSBA No. 42454

11                                 By   s/ Taylor Washburn
                                        Taylor Washburn, WSBA No. 51524
12
                                        1420 Fifth Avenue, Suite 4200
13                                      P.O. Box 91302
                                        Seattle, WA  98111-9402
14                                      Telephone: 206.223.7000
                                        Facsimile: 206.223.7107
15                                      devlinj@lanepowell.com
                                        wilsonem@lanepowell.com
16                                      washburnt@lanepowell.com

17                                 *Attorneys for Defendants*

18
19
20
21
22
23
24
25
26
27

NOTICE OF REMOVAL - 7
CASE NO. 2:18-CV-01470

131811.0002/7442600.1

1

## CERTIFICATE OF SERVICE

2      I certify that, on the date indicated below, I caused the foregoing document to be

3  presented to the Clerk of the Court for filing and uploading to the CM/ECF system.  In accordance

4  with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-

5  mail notification of such filing to all attorneys and parties of record.

6      In addition, I certify that I mailed the foregoing document via United States Postal Service

7  to the following people:

8      Elizabeth A. Hanley, WSBA # 38233
       Reed Longyear Malnati & Ahrens, PLLC
9      801 Second Ave., Ste. 1415
       Seattle, WA 98104
10     Tel. (206) 624-6271
       Fax (206) 624-6672
11     Email: ehanley@reedlongyearlaw.com
       *Attorneys for Plaintiff*
12
       Toby J. Marshall, WSBA #32726
13     Eric R. Nusser, WSBA # 51513
       Terrell Marshall Law Group PLLC
14     936 North 34th Street, Suite 300
       Seattle, WA 98103
15     Tel. (206) 816-6603
       Fax (206) 319-5450
16     Email: tmarshall@terrellmarshall.com
       Email: eric@terrellmarshall.com
17     *Attorneys for Plaintiff*

18     I affirm under penalty of perjury under the laws of the United States that the foregoing is

19  true and correct to the best of my personal knowledge.

20     SIGNED October 5, 2018, at Seattle, Washington.

21

22                     *s/ Peter Elton*
                       Peter Elton
23                     Legal Assistant

24

25

26

27

NOTICE OF REMOVAL - 8
CASE NO. 2:18-CV-01470

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

131811.0002/7442600.1