1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8   SARA M. BARKER, individually and on behalf of
9   all others similarly situated,

10                        Plaintiff,

11              v.

12   THRIVE CAUSEMETICS, INC., a Delaware
     corporation; and KARISSA BODNAR, an
13   individual,

14                        Defendants.

15

NO. 2:18-cv-01470-TSZ

**AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER**

16

17          The parties hereby stipulate to the following provisions regarding the

18   discovery of electronically stored information ("ESI") in this matter:

19   **A.      General Principles**

20          1.       An attorney's zealous representation of a client is not compromised by

21   conducting discovery in a cooperative manner. The failure of counsel or the parties to

22   litigation to cooperate in facilitating and reasonably limiting discovery requests and responses

23   raises litigation costs and contributes to the risk of sanctions.

24          2.       The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be

25   applied in each case when formulating a discovery plan. To further the application of the

26   proportionality standard in discovery, requests for production of ESI and related responses

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   should be reasonably targeted, clear, and as specific as possible.

2   **B.    ESI Disclosures**

3   Within 30 days after the Rule 26(f) conference, or at a later time if agreed to by

4   the parties, each party shall disclose:

5   1.    <u>Custodians.</u> The nine custodians most likely to have discoverable ESI in their

6   possession, custody or control. The custodians shall be identified by name, title, connection

7   to the instant litigation, and the type of the information under his/her control.

8   2.    <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (e.g.

9   shared drives, servers, etc.), if any, likely to contain discoverable ESI.

10   3.    <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely

11   to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud"

12   storage, etc.) and, for each such source, the extent to which a party is (or is not) able to

13   preserve information stored in the third-party data source.

14   4.    <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain

15   discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to

16   specifically identify the data source) that a party asserts is not reasonably accessible

17   under Fed. R. Civ. P. 26(b)(2)(B).

18   **C.    Preservation of ESI**

19   The parties acknowledge that they have a common law obligation to take reasonable

20   and proportional steps to preserve discoverable information in the party's possession,

21   custody or control. With respect to preservation of ESI, the parties agree as follows:

22   1.    Absent a showing of good cause by the requesting party, the parties shall

23   not be required to modify the procedures used by them in the ordinary course of business to

24   back-up and archive data; provided, however, that the parties shall preserve all discoverable

25   ESI in their possession, custody or control.

26

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1      2.      All parties shall supplement their disclosures in accordance with Rule 26(e)

2  with discoverable ESI responsive to a particular discovery request or mandatory disclosure

3  where that data is created after a disclosure or response is made (unless excluded under

4  (C)(3) or (D)(1)-(2) below).

5      3.      Absent a showing of good cause by the requesting party, the following

6  categories of ESI need not be preserved:

7      a.      Deleted, slack, fragmented, or other data only accessible by forensics.

8      b.      Random access memory (RAM), temporary files, or other

9      ephemeral data that are difficult to preserve without disabling the

10      operating system.

11      c.      On-line access data such as temporary internet files, history, cache,

12      cookies, and the like.

13      d.      Data in metadata fields that are frequently updated automatically, such

14      as last-opened dates (see also Section (E)(5)).

15      e.      Back-up data that are substantially duplicative of data that are more

16      accessible elsewhere.

17      f.      Server, system or network logs.

18      g.      Data remaining from systems no longer in use that is unintelligible on

19      the systems in use.

20      h.      Electronic data (e.g. email, calendars, contact data, and notes) sent to

21      or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry

22      devices), provided that a copy of all such electronic data is routinely

23      saved elsewhere (such as on a server, laptop, desktop computer, or

24      "cloud" storage).

25

26

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**D.      Privilege**

1.      With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3.      Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

4.      Privilege Log Based on Metadata. The parties agree that privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection).  For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title and date created.   Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.

**E.      ESI Discovery Procedures**

1.      <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.      <u>Search methodology.</u> The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology. In the

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  absence of agreement on appropriate search terms, or an appropriate computer- or

2  technology-aided methodology, the following procedures shall apply:

3         a.      A producing party shall disclose the search terms or queries, if any,

4  and methodology that it proposes to use to locate ESI likely to contain discoverable

5  information. The parties shall meet and confer to attempt to reach an agreement on the

6  producing party's search terms and/or other methodology.

7         b.      If search terms or queries are used to locate ESI likely to contain

8  discoverable information, a requesting party is entitled to no more than 5 additional terms

9  or queries to be used in connection with further electronic searches absent a showing of

10 good cause or agreement of the parties.  The 5 additional terms or queries, if any, must be

11 provided by the requesting party within 14 days of receipt of the producing party's

12 production.

13        c.      Focused terms and queries should be employed; broad terms or

14 queries, such as product and company names, generally should be avoided.  Absent a

15 showing of good cause, each search term or query returning more than 250 megabytes of

16 data is presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio

17 files, and similarly large file types.  Further, the parties shall work cooperatively to address

18 any concerns that may arise regarding the volume of data responsive to a given search term

19 or query.

20        d.      The producing party shall search both non-custodial data sources and

21 ESI maintained by the custodians identified above.

22        e.      In addition to the above, the parties dispute whether this is a

23 "Complex Case" (as that term is used in the Model Protocol's Additional Provisions) but

24 nonetheless agree that, upon reasonable request and if appropriate for the particular case, a

25 party may request information relating to network design, the types of databases, database

26 dictionaries, the access control list and security access logs and rights of individuals to access

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 the system and specific files and applications, the ESI document retention policy,

2 organizational chart for information systems personnel, or the backup and systems recovery

3 routines, including, but not limited to, tape rotation and destruction/overwrite policy. If the

4 Parties cannot reach agreement, and if the requesting party maintains that certain of the

5 above-identified information is appropriate for the particular case, then the parties may

6 present the issue to the Court, by way of a joint submission, and without necessity of formal

7 discovery requests.

8        3.     Format. The parties agree that ESI will be produced to the requesting party

9 with searchable text, in a format to be decided between the parties. Acceptable formats

10 include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or

11 extracted text file), single-page TIFFs (only with load files for e-discovery software that

12 includes metadata fields identifying natural document breaks and also includes companion

13 OCR and/or extracted text files), and searchable PDF. Unless otherwise agreed to by the

14 parties, files that are not easily converted to image format, such as spreadsheet, database

15 and drawing files, should be produced in native format. The parties agree to work together,

16 in good faith, to resolve additional formatting and production issues as they arise.

17        4.     <u>De-duplication.</u>   The parties may de-duplicate their ESI production across

18 custodial and non-custodial data sources after disclosure to the requesting party.

19        5.     <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that

20 only the following metadata fields need be produced: document type; custodian and

21 duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size;

22 original file path; date and time created, sent, modified and/or received; and hash value. If a

23 party determines that additional metadata fields are material, the parties will confer and

24 determine whether such additional fields can be reasonably and cost effectively added to

25 future productions.

26

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

DATED this 1st day of February, 2019.

TERRELL MARSHALL LAW GROUP PLLC          LANE POWELL PC

By: /s/ Toby J. Marshall, WSBA #32726          By: /s/ Erin M. Wilson, WSBA #42454
   Toby J. Marshall, WSBA #32726                 John S. Devlin, WSBA #23988
   Email: tmarshall@terrellmarshall.com          Email: devlinj@lanepowell.com
   Eric R. Nusswer, WSBA #51513                  Erin M. Wilson, WSBA #42454
   Email: eric@terrellmarshall.com               Email: wilsonem@lanepowell.com
   936 North 34th Street, Suite 300              Taylor Washburn, WSBA #51524
   Seattle, Washington 98103                     Email: washburnt@lanepowell.com
   Telephone: (206) 816-6603                     1420 Fifth Avenue, Suite 4200
   Facsimile: (206) 319-5450                     Seattle, Washington 98101
                                                 Telephone: (206) 223-7000
                                                 Facsimile: (206) 223-7107

REED LONGYEAR MALNATI & AHRENS, PLLC

BY: /s/ Elizabeth A. Hanley, WSBA #38233    *Attorneys for Defendants Thrive*
   Elizabeth A. Hanley, WSBA #38233          *Causemetics, Inc. and Karissa Bodnar*
   Email: ehanley@reedlongyearlaw.com
   801 Second Avenue, Suite 1415
   Seattle, Washington 98104
   Telephone: (206) 624-6271

*Attorneys for Plaintiff*

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED this 6th day of February, 2019.

Thomas S. Zilly

Thomas S. Zilly
United States District Judge

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com